## Gordon *v.* City of Hattiesburg.

[66 South. 983.]

Vagrancy. *Common gambler. Evidence.*

    In a trial for vagrancy, evidence that defendant had been convicted of gambling three or four times within two years next preceding the date of the indictment, is not sufficient to prove that he was a common gambler, there being nothing to show that he made a business of gambling or that he was a "person, who for the most part, maintained himself by gambling."

Appeal from the circuit court of Forest county.

Hon. Paul B. Johnson, Judge.

Jim Gordon was convicted of vagrancy as a common gambler and appeals.

The facts are fully stated in the opinion of the court.

*J. E. Davis*, for appellant.

Cook, J., delivered the opinion of the court.

Appellant was convicted by the police judge of the city of Hattiesburg upon a charge of vagrancy. He appealed to the circuit court, and was convicted there. From that judgment this appeal is prosecuted.

The charge was that appellant was a "common gambler." The record discloses that appellant had been convicted of gambling three or four times within the two years next preceding the date of this indictment. Appellant is a negro of the ordinary type to be found in cities like Hattiesburg. He loafed a good deal, and worked some. He had been ill for about two years, and was disqualified thereby from doing hard work. At the most, the only evidence tending to show he was a "common gambler" was the three or four convictions mentioned above.

"Shooting craps" three or four times in two years. will not warrant a finding that the shooter is a common. gambler under our statute, and the ordinance of the city is our statute. If we should hold that the evidence in this case warranted the verdict of the jury, a very large proportion of our population of the class to which this. defendant belongs would spend their lives in jail. There was nothing to show that appellant made a business of gambling, or that he was a "person who for the most. part maintains himself by gambling," or that he gambled whenever the opportunity presented itself. Being an ordinary "coon," he, of course, sometimes "rolled the bones," but our lawmakers surely did not intend that an occasional yielding to the seductions of the game invented by his race would brand him as a "common gambler."

The members of the legislature are presumed to be men of ordinary intelligence (and, in fact, they are sometimes men of ordinary wisdom), and, this being so, we do not believe that appellant was guilty of the charge preferred against him. To be more exact, the state did not prove it on him.

*Reversed, and judgment here.*